## Fowler vs. Lawson.

A plaintiff in the Circuit Court has the right to take a non-suit, at any time before the jury retires from the bar, or his cause is submitted to the Court for decision; though the defendant file and offer to prove a set-off to an amount larger than the plaintiff's claim.

### Error to Pulaski Circuit Court.

Hon. Wm. H. Feild, Circuit Judge.

Fowler. A set-off is not merely a defence, but a cross-action, in which a defendant becomes plaintiff, and may recover against the original plaintiff as a defendant. (See *Rev. Stat.*, *p.* 726, 727, *ch.* 139.) Whenever the defendant filed his plea of set-off, showing

an excess due from the plaintiff to him, it became in fact a cross-action, in which the other party was defendant, and had no more right to take a non-suit than any other defendant. See *Riley & White vs. Carter*, 3 *Humph. Rep.* 231.

CURRAN, for defendant. A plaintiff may, as a matter of right, become non-suit in any action at any time before the jury retire, or the case is submitted to the Court. *Dig.* 813, *sec.* 111; 3 *McCord R.* 559; 4 *Watt's R.* 308; *Wooster vs. Burr*, 2 *Wend. R.* 295.

Mr. Justice SCOTT delivered the opinion of the Court.

Lawson sued Fowler in assumpsit, who interposed a plea of set-off for a larger amount than was claimed by Lawson. Issues were joined, a jury sworn, and some evidence produced, when, by leave of the Court, Lawson took a non-suit against the objection of Fowler, who offered to give evidence to sustain his plea of set-off, and claimed the right to have a judgment over against Lawson. But the Court overruled him, and permitting the non-suit to be taken, rendered judgment accordingly. To which Fowler excepted, and brought his case here on error; and to sustain his position, insists that the provision of our statute, (*Dig., ch.* 150,) allowing the defendant to recover a judgment over against the plaintiff, if his set-off be found to exceed the plaintiff's demand, works such a change in the English doctrine on this point that, after the filing of a plea showing an excess in favor of the defendant, the plaintiff has no longer the right to take a non-suit without the consent of the defendant. The case cited from Tennessee (*Riley & White vs. Carter*, 3 *Humphrey R.* 230,) is in terms to this effect. That case, however, originated before a justice of the peace, who not only found, upon the trial, a balance due the defendant, but rendered a judgment for it in his favor, which was appealed from to the Circuit Court, where the plaintiff was refused leave to take a non-suit, and that refusal was affirmed by the Supreme Court of Tennessee. There is a case, however,

reported in the 3d volume of *Texas Reports* (*Thomas vs. Hill admr.*) 270, which fully sustains the doctrine contended for. On the other hand, there are reported cases to the contrary in New York, (*Wooster vs. Burr*, 2 *Wend. Rep.* 295,) Pennsylvania, (*McCredy vs. Fry*, 7 *Watts R.* 496,) Massachusetts, (*Cummins vs. Pruder*, 11 *Mass. R.* 206,) Maine, (*Sawyer vs. Tarbox*, 30 *Maine R.* 27,) South Carolina, (*Usher vs. Sibley*, 2 *Brevard R.* 32; *Wilson vs. Murphey*, 3 *Brevard R.* 387; *Bremham vs. Brown*, 1 *Bailey R.* 262,) and Kentucky, (*McCann vs. Boyer*, 8 *B. Mon. R.* 285.)

In some of these cases where, like in the case at bar, the non-suit was taken before the jury had retired to consider of their verdict, the courts rest their judgment upon the ground that the defendant could claim a judgment only in accordance with the provision of the statute, and, consequently, as no balance had been "found" by the jury, no judgment could be claimed.

In other cases, however, where the non-suit was not taken until after the jury had returned into court and announced themselves ready to deliver their verdict, (and in one case had made known to the *bar* that the verdict was for the defendant, *Usher vs. Sibley*, 2 *Bre. R.* 22,) the judgment was put upon the higher, and, we think, better ground, that the set-off law is not to be construed to limit or deprive the plaintiff of his general right to take a non-suit, which, under our statute, he may do at any time before the jury retires from the bar, or his cause is submitted to the Court for decision, (*Dig.*, *ch.* 126, *sec.* 10.) The judgment is affirmed.

Mr. Chief Justice WATKINS not sitting in this case.