TOLL *v.* TOLL.

Opinion delivered December 4, 1922.

1. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF EVIDENCE.—
   Where all of the evidence was not in the record on appeal, it
   will be presumed that the absent evidence was sufficient to sus-
   tain the finding and decree of the chancellor.

2. JUDGMENT—RES JUDICATA.—A decree of a court of competent
   jurisdiction directly on a question, or necessarily involving the
   decision of such question, is conclusive between the parties and
   their privies in a subsequent suit involving the same issue.

3. JUDGMENT—BAR OF FORMER JUDGMENT.—Where the issue as to de-
   fendant's homestead claim in certain lands was decided in a for-
   mer case, it could not be litigated in a subsequent suit between
   the same parties.

4. JUDGMENT—ADJUDICATION AS TO HOMESTEAD.—Where, in a real
   property action against a married man, his claim of homestead
   therein was adjudged against him, the judgment barred any
   right his wife, though not a party, might have to assert a simi-
   lar claim by virtue of being his wife.

Appeal from Prairie Chancery Court, Southern Dis-
trict; *John M. Elliott,* Chancellor; affirmed.

STATEMENT BY THE COURT.

George O. Toll brought this suit in equity against
R. H. Toll to enjoin him from cutting and removing a
crop of hay from a tract of land which had been adju-
dicated to belong to the plaintiff in a suit between the
same parties.

R. H. Toll filed an answer in which he claimed the
land as his homestead and made, as exhibits to his an-
swer the pleadings in the former suit between the par-
ties with regard to the land.

Clara D. Toll, the wife of R. H. Toll, filed an an-
swer and cross-complaint in which she claimed the land
as the homestead of herself and of her husband. She
set up that she was not a party to the former suit in-
volving the homestead, and was in no wise bound by the
proceedings in that case.

The plaintiff filed a demurrer to the separate answer of R. H. Toll and to the answer and cross-complaint of Clara D. Toll.

The court sustained the demurrer to the answer of R. H. Toll and to the answer and cross-complaint of Clara D. Toll.

From a decree rendered in favor of the plaintiff the defendants have duly prosecuted an appeal to this court.

*Emmet Vaughan*, for appellant.

The execution for the debt of R. H. Toll could not be levied against his homestead. 225 S. W. 18. Mrs. Toll was not a party to that suit, nor did she join in the execution of any instrument affecting her homestead right. The execution was for a debt not covered by § 5542, C. & M. Digest, and hence not valid as to Mrs. Toll. She was not called upon to act, nor was it her duty to act, until this suit was brought. 75 Ark. 593, and cases cited. It is not necessary for a homestead claimant to file a schedule to protect the homestead against a judgment or execution. Cases *supra.*

*W. A. Leach*, for appellee.

A bill of review must allege some error of law apparent on the face of the proceedings sought to be reviewed or new matters that have arisen since the date of the decree. 32 Ark. 600; 33 Ark. 161; 26 Ark. 600; 107 Ark. 405; 98 Ark. 15. The cross-complaint of Mrs. Toll failed to allege any matter calling for a bill of review.

HART, J. (after stating the facts). It appears from the record that R. H. Toll first brought a suit in equity against George O. Toll to quiet his title to the land in controversy, and asked that the defendant be enjoined from trespassing upon the land.

R. H. Toll filed an answer, setting up title to the land and claiming the same as his homestead. The chancery court in that case held that the land was not the homestead of R. H. Toll, and upon appeal to this court the decree was affirmed. *Toll* v. *Toll, ante* p.—

The record on appeal showed that evidence was taken upon the issue of whether the land was the homestead of R. H. Toll, and the decree of the court below was affirmed, because all of the evidence upon which the case was heard in the chancery court was not in the record on appeal. In such cases on appeal a conclusive presumption arises that the absent evidence was sufficient to sustain the finding and decree of the chancery court.

Therefore, the right of R. H. Toll to his homestead exemption having been pleaded in that suit, and, there being a direct adjudication adversely to his right in that case, the merits of the decree cannot be brought in question in the present proceedings. There is no principle better settled than that the decree of a court of competent jurisdiction directly upon a question, or necessarily involving the decision of the question, is conclusive between the parties and their privies in a subsequent suit involving the same issue. If the court rendering the decree had jurisdiction of the subject-matter and the parties, its decision is conclusive until reversed on appeal or annulled by a proceeding for that purpose. Hence the decree in that case is conclusive against R. H. Toll in the present case. In other words, the court having decided in that case that the land in question was not the homestead of R. H. Toll, the same question cannot be litigated in a subsequent suit between the same parties. *Gordon* v. *Clark,* 149 Ark. 173.

But counsel for the defendant insist that, inasmuch as the wife of R. H. Toll was not a party to the former suit, neither she nor her husband is concluded by that suit from claiming the homestead in the present case. The precise question was determined by this court adversely to their contention in the case of *Brignardello* v. *Cooper,* 116 Ark. 103. In that case it was held that where, in an action to foreclose a mortgage on property belonging to a married man, he sets up a claim to the homestead, and his claim is ineffectual, an adjudication against him will bar any right that his wife may have had to assert a similar claim. This principle controls

here, and the wife is bound by the adjudication against her husband in the former suit, and cannot reassert the homestead claim.

Therefore the decree will be affirmed.