FISH *v.* McLEOD, COMMISSIONER OF REVENUES.

4-7173                                                        174 S. W. 2d 236

Opinion delivered October 4, 1943.

*C. T. Sims,* for appellant.

*O. T. Ward,* for appellee.

ROBINS, J.   By his complaint filed in the chancery court of Drew county appellant, the operator of a drug

store in that county, sought to have annulled an order made on July 16, 1941, by the Commissioner of Revenues of the State of Arkansas, making an assessment against appellant in the sum of $280.50 for amount due from appellant to the state for sales tax and penalty, and a certificate of indebtedness filed by the said commissioner in the office of the circuit clerk of Drew county on August 21, 1941, and an order of said commissioner made on October 19, 1942, which had been affirmed by the chancery court of Drew county on appeal, for the cancellation of the permit of appellant to operate his drug store because of appellant's failure to pay the said assessment; and appellant also prayed that the commissioner be enjoined from enforcing the collection of said delinquent sales tax and penalty, and for judgment against the commissioner for the sum of $90, which appellant alleged had been wrongfully exacted from him. A temporary restraining order, in accordance with the prayer of the complaint, was issued by the county judge.

Appellee, the State Revenue Commissioner, filed, on January 16, 1943, a motion to dissolve the temporary restraining order and to dismiss the complaint. In this motion, it was alleged that the chancery court of Drew county had no jurisdiction of the cause, for the reason that by Act No. 386 of the General Assembly of 1941 it is required that all suits against the Commissioner of Revenues must be brought in the courts of Pulaski county, Arkansas. Appellee's motion to dismiss further set up that on February 3, 1939, an assessment of delinquent sales tax due the state by appellant was made against appellant in the sum of $255, together with 10 per cent. penalty, making a total of $280.50, and that on August 21, 1941, after due notice, the Commissioner of Revenues filed in the office of the clerk of the circuit court of Drew county, Arkansas, a certificate of indebtedness for the amount of sales tax due from appellant, and that subsequently, at the request of appellant, a new audit of the sales of appellant for the period involved was made, which audit disclosed that appellant owed the state for delinquent sales tax for this period $364.34, and that appellant agreed to make installment payments on this de-

linquent tax, and did thereafter make payments aggregating $90; that after failure of appellant to pay the remainder due, amounting to $274.34, the commissioner notified appellant of his intention to make an order canceling appellant's permit to do business, as provided by § 12 of said Act 386 of the General Assembly of 1941, and that on October 19, 1942, an order was made by the commissioner canceling said permit; that thereafter appellant appealed from the commissioner's order revoking his permit to do business to the chancery court of Drew county, and that on December 14, 1942, said appeal was heard, and the court rendered a decree adjudging that the commissioner's action in revoking appellant's permit was correct and should be sustained because appellant had, as recited in the decree, "failed and refused to pay delinquent sales tax due the State of Arkansas properly assessed"; and appellee pleaded the said decree rendered by the chancery court on December 14, 1942, as a complete adjudication of the matters involved in the case at bar.

The lower court, on March 15, 1943, heard said motion of appellee to dissolve the temporary restraining order and to dismiss the complaint and rendered decree ordering a dissolution of the temporary restraining order and a dismissal of appellant's complaint, to reverse which decree this appeal is prosecuted.

It is not disputed that the issue involved in the case heard by the chancery court of Drew county on December 14, 1942, is the same as that involved in the case at bar. The question in that case was whether or not the assessment of delinquent sales tax due the state had been properly made against appellant, and that is the question that the court would necessarily have decided in the case at bar if appellee's motion to dismiss had not been sustained and a trial on the merits had been accorded to appellant.

In the case of *Toll* v. *Toll*, 156 Ark. 139, 245 S. W. 299, (headnote 2) this court held: "A decree of a court of competent jurisdiction directly on a question, or necessarily involving the decision of such question, is conclu-

sive between the parties and their privies in a subsequent suit involving the same issue." And in the case of *Gates v. Mortgage Loan & Insurance Agency, Inc.,* 200 Ark. 276, 139 S. W. 2d 19, Mr. Justice MEHAFFY quoted with approval the following extract from 34 Corpus Juris, p. 742: "Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." To the same effect is the decision of this court in the case of *Meyer v. Eichenbaum, Executor,* 202 Ark. 438, 150 S. W. 2d 958.

The chancery court having declared by its decree on December 14, 1942, in a proceeding between the same parties, that the assessment challenged in the instant case was correct, that decree, not having been appealed from, was an adjudication of this question and a complete bar to appellant's later suit here under consideration. Since this is true, we deem it unnecessary to discuss the other grounds set forth in appellee's motion to dismiss.

The decree of the lower court is correct and is affirmed.

The Chief Justice and Mr. Justice KNOX did not participate in the consideration or determination of this case.

Mr. Justice McFADDIN concurs.