BRYANT *v.* RYBURN.

4-7146 174 S. W. 2d 938

Opinion delivered November 8, 1943.

*DuVal L. Purkins,* for appellant.

*M. L. Reinberger, O. E. Gates, Max M. Smith* and *Rowell, Rowell & Dickey,* for appellee.

McHANEY, J. Act 327 of 1941 is entitled "An Act to Provide More Effective Supervision of Public Schools, to Create the Office of County Supervisor of Schools, to Create a System of County Boards of Education, to Improve the Rural Schools, and for Other Purposes." Section 3 of said act reads as follows: "Within thirty (30) days after the effective date of this act, the county judge, the county clerk, the county examiner, as a committee of three (3), shall zone the county into four (4) zones as nearly equal in area as feasible in the light of geographical barriers, school attendance areas and general accessibility, each zone to be composed of contiguous territory. In so far as practicable, the zones shall be formed so as to include whole political townships and whole school districts. Maps of the zoned county shall be made, posted and published in the local or county newspaper and sent to local school boards." This act was

approved March 26, 1941, and, *prima facie,* became effective immediately. Two days later, March 28, appellees, the county examiner, the county judge and clerk of Cleveland county zoned the county into four zones, in an attempt to comply with said § 3 of said act.

Thereafter, on March 13, 1943, appellant, a citizen and taxpayer of New Edinburg School District, in said county filed a petition with the clerk of the circuit court for a writ of certiorari directed to appellees, praying that they be required to certify their action in zoning said county to said court for review. It was alleged that the zones as set up ignored the express provisions of said section, particularly with reference to "geographical barriers" and "whole political townships and whole school districts," in that the Saline river, which runs from the northwest corner to the southeast corner of said county, a geographical barrier, was ignored, and that whole townships and school districts were divided with parts of some placed in different zones. The action sought a review of the action of appellees in this regard to the end that the zoning action be declared illegal and void and that appellees be directed to re-zone said county under said act. Appellees filed a motion to dismiss, alleging that, on June 20, 1941, E. T. Atwood and others, citizens and taxpayers of Cleveland county, brought an action in the Cleveland chancery court against appellees, which was a class suit, in which the same relief was sought as here. An answer was filed, proof taken and, October 23, 1941, said suit was dismissed on motion of plaintiffs with prejudice. The former action was, therefore, pleaded as *res judicata.* The trial court sustained this motion, holding that the Cleveland chancery court had jurisdiction of the subject-matter and the parties, and, not having been appealed from, became final and is *res judicata* of this action. This appeal followed.

We think the trial court was correct in so holding. The chancery suit sought exactly the same relief as the present action. It was between the same parties, that is, it was a taxpayers suit against the same defendants. Both were class suits, brought for the benefit of all other tax-

payers, and, in addition to an order declaring the zoning void, the chancery suit sought an order declaring the election of the members of the County Board of Education, held on May 6, 1941, to be void, and that those elected at said election be enjoined from functioning officially; and that appellees be required to re-zone said county in accordance with said act. That suit having been dismissed with prejudice by the plaintiffs therein, such action was as conclusive of the rights of the parties as would an adverse judgment after trial. *Union Indemnity Co.* v. *Benton Co. Lbr. Co.,* 179 Ark. 752, 18 S. W. 2d 327.

It is well settled that a decree in a suit by taxpayers in their own right and on behalf of all others is *res judicata* in another suit involving the same subject-matter in a cause brought by other taxpayers. *Howard-Sevier Rd. Imp. Dist.* v. *Hunt,* 166 Ark. 62, 265 S. W. 517; *Tri-County Highway Imp. Dist.* v. *Vincennes Bridge Co.,* 170 Ark. 22, 278 S. W. 627; *Stevens* v. *Shull,* 179 Ark. 766, 19 S. W. 2d 1018, 64 A. L. R. 1258.

The court correctly sustained the motion to dismiss and its action in dismissing same is accordingly affirmed.