COREY *v*. THE MERCANTILE INSURANCE COMPANY
OF AMERICA.

4-7345                                   180 S. W. 2d 570

Opinion delivered May 15, 1944.

*Claude F. Cooper, Frank C. Douglas* and *T. J. Crowder,* for appellant.

*Verne McMillen,* for appellee.

McHANEY, J.   The question here presented for decision is whether the former action of Mrs. C. S. Corey, wife of appellant, against appellee is *res judicata* of the present action brought by appellant.   See *Corey* v. *The Mercantile Ins. Co. of America,* 205 Ark. 546, 169 S. W. 2d 655.   In that case Mrs. Corey sued appellant in the chancery court to reform a policy of fire insurance issued in the name of her husband claiming title to the property and a mutual mistake in its issuance, and for judgment on the policy.   Appellee had paid the mortgage on the property, took an assignment thereof from the mortgagee, denied the allegations of the complaint and, by way of cross-complaint against appellant and Mrs. Corey, sought a foreclosure of the mortgage, with a resultant decree in its favor, which was affirmed with a slight modification by this Court.

Thereafter appellant, the husband, brought this action to recover on the policy, alleging that he was the owner, and appellee pleaded the defenses of *res judicata,* among others, in bar of the action. Trial resulted in a decree for appellee which sustained said plea. This appeal followed.

We think the trial court was correct in so holding. Section 1416 of Pope's Digest, subdivision 4, reads as follows: "Fourth: In addition to the general denial above provided for, the defendant must set out as many grounds of defense, counterclaim or set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligently distinguished."

Appellant contends that the word "must" in the first sentence above quoted should be construed to mean "may," but we do not think so. Act 54 of 1935, p. 124, amended § 1194 of Crawford & Moses' Digest, relating to the contents of an answer in civil suits. It provided what should constitute a "general denial" in sub-section 2, and in sub-section 4, it changed the word "may" to the word "must," and this was the only change in sub-section 4. We think the legislature meant something by this change, and that was to require a defendant to "set out in his answer as many grounds of defense, counterclaim or set-off, whether legal or equitable, as he shall have." Otherwise there would have been no occasion to amend said sub-section, except it did add the words, "In addition to the general denial above provided for."

Appellant was a party defendant to appellee's cross-complaint in the former action. He supported his wife's right to reform and recover on the same policy here involved. He disputed the amount of the indebtedness due under the note and mortgage assigned to appellee, and attempted to appeal or cross-appeal from the decree against him, but without success. He made no claim of ownership of the property or right to recover in that action. We have frequently held that a defendant who

fails to set up as many grounds of defense, counterclaim, or set-off as he has loses the right to assert them in a subsequent action between the same parties. *Federal Life Ins. Co. v. Gann,* 196 Ark. 958, 120 S. W. 2d 563; *Morgan v. Rankin,* 197 Ark. 119, 122 S. W. 2d 555, 119 A. L. R. 1466; *Adams and Rusher v. Henderson,* 197 Ark. 907, 125 S. W. 2d '472; *Baker v. State, Use of Independence County,* 201 Ark. 652, 147 S. W. 2d 17; *Meyer v. Eichenbaum,* 202 Ark. 438, 150 S. W. 2d 958; *Fish v. McLeod, Com. of Rev.,* 206 Ark. 142, 174 S. W. 2d 236; and *Bryant v. Ryburn,* 206 Ark. 305, 174 S. W. 2d 938.

Not having set up the rights now alleged in the former action, to which he was a party defendant, appellant must be held to be precluded from doing so now, under the rule above stated.

Affirmed.