SHRIEVES *v.* YARBROUGH.

4-9728                                    247 S. W. 2d 193

Opinion delivered March 24, 1952.

*Richard L. Pratt, Talley & Owen, Tom Abington,* and *Wayne W. Owen,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

ED. F. McFADDIN, Justice.   This appeal, stemming from a traffic mishap, necessitates a decision of the effect of the 1939 and 1947 Venue Acts (§ 27-610, *et seq.,* Ark. Stats.) on (a) the counterclaim statute (§ 27-1123, *et seq.,* Ark. Stats.); and (b) the compulsory pleading statute (4th sub-division, § 27-1121, Ark. Stats.).

In July, 1950, Mr. and Mrs. Shrieves (residents of Pulaski County), while driving in a car in White County, Arkansas, had a traffic mishap with a car then driven or owned by Yarbrough and Warren (residents of Johnson County, Arkansas). Under § 27-610, *et seq.,* Ark Stats., the venue in any damage suit arising out of this collision would be in (a) White County, Arkansas, as the place of the collision, or (b) the resident county of whichever party was the plaintiff (that is, either Pulaski County or Johnson County, depending on which party first sued and obtained jurisdiction, as held in *Healey & Roth* v. *Huie, ante* p. 16, 245 S. W. 2d 813, opinion of February 11, 1952).

In August, 1950, Yarbrough and Warren filed action against both Mr. and Mrs. Shrieves in the Circuit Court of *Johnson County;* and in that case, Mrs. Shrieves filed her separate answer and her separate counterclaim. The cause proceeded to a trial, and at the close of the plaintiff's case, Mrs. Shrieves moved for a directed verdict in her favor, as against the complaint of Yarbrough and Warren. This motion was granted. Thereupon, Mrs. Shrieves took a voluntary nonsuit on her separate counterclaim against Yarbrough and Warren. The case of Yarbrough and Warren against Mr. Shrieves proceeded in the Johnson Circuit Court, and resulted in a verdict and judgment against Mr. Shrieves.

Then, in December, 1950, Mrs. Shrieves filed action against Yarbrough and Warren in the Circuit Court of White County. The cause of action so alleged by Mrs. Shrieves is the same cause of action alleged by her in her counterclaim in the Circuit Court of Johnson County. Against Mrs. Shrieves' White County action, Yarbrough and Warren pleaded *res judicata,* and claimed that the Johnson County case settled all questions. On stipulated facts as heretofore stated, the White Circuit Court sustained the plea of *res judicata;* and Mrs. Shrieves has appealed.

Mrs. Shrieves claims that under § 27-1123, Ark. Stats., a counterclaim is a separate and distinct cause of action; that a party may dismiss a cause of action and later refile it, without being barred by *res judicata;* and that when the Johnson Circuit Court directed a verdict for Mrs. Shrieves as against the complaint of Yarbrough and Warren, Mrs. Shrieves then had a right to take a nonsuit on her counterclaim, and later refile it in whatever forum had jurisdiction. To sustain her contentions, Mrs. Shrieves cites *Zurich* v. *Smith,* 209 Ark. 135, 189 S. W. 2d 718; *Twist* v. *Roane,* 174 Ark. 35, 294 S. W. 62; *Fox* v. *Pinson,* 182 Ark. 936, 34 S. W. 2d 459; *Fowler* v. *Lawson,* 15 Ark. 148; and also 50 C.J.S. 135.

In the oral argument before this Court, it was conceded by appellant that if Yarbrough and Warren should have attempted to assert—as a defense to Mrs. Shrieves'

action in the White Circuit Court—the same allegations they had made against her in their case in the Johnson Circuit Court, then against such allegations, Mrs. Shrieves could have successfully pleaded as *res judicata* the action of the Johnson Circuit Court in directing a verdict in her favor. Thus, Mrs. Shrieves is in the position of wanting the benefit and none of the disadvantages of the Johnson Circuit Court case.

To support the judgment of the White Circuit Court, in sustaining the plea of *res judicata* in the present case, the appellees cite, *inter alia: Morgan* v. *Rankin*, 197 Ark. 119, 122 S. W. 2d 555, 119 A.L.R. 1466; *Corey* v. *Mercantile Ins. Co.*, 207 Ark. 284, 180 S. W. 2d 570; *Robinson* v. *Mo. Pac. Trans. Co.*, 192 Ark. 593, 93 S. W. 2d 311; *Ozan Lbr. Co.* v. *Tidwell*, 213 Ark. 751, 212 S. W. 2d 349. To the cases cited by both sides, there might well be added *Adams* v. *Henderson*, 197 Ark. 907, 125 S. W. 2d 472; *Martin* v. *Wheatley*, 62 Fed. Sup. 104; *Wheatley* v. *Martin*, 62 Fed. Sup. 109; and the Annotations in 8 A.L.R. 694 and 119 A.L.R. 1469.

We conclude that the judgment of the White Circuit Court was correct in sustaining the plea of *res judicata*. Prior to 1935, a defendant was not *required* to set up a counterclaim in answer to a plaintiff's cause of action. But, by Act 54 of 1935, the assertion of such counterclaim was rendered mandatory: this was accomplished by having the fourth sub-division of what is now § 27-1121, Ark. Stats., contain the word "must" instead of the word "may." Then came Act 314 of 1939 (now § 27-610, Ark. Stats.), Act 317 of 1941 and Act 182 of 1947 (now § 27-611, Ark. Stats.), which restricted the venue in actions like the one here involved. The cases of *Twist* v. *Roane, supra,* and *Fox* v. *Pinson, supra,* relied on by appellant, were both decided prior to the mandatory counterclaim statute, which is Act 54 of 1935.

The case of *Morgan* v. *Rankin, supra,* relied on by appellees, was decided *after* the 1935 Act, and clearly indicates that the effect of the said Act is to require that all claims of the parties, arising out of the same traffic

mishap, should be litigated in one action. We said in *Morgan* v. *Rankin:*

"If one participant in an automobile collision may, when sued by the other, waive the right to assert his own damages as a result of the collision and later sue for such damages in a separate suit we may reasonably expect two suits in many of such cases, and a more prolific and profitable field of litigation will be opened up than existed in the case of suits by guests against their hosts, before the passage of our guest statute on that subject.

"We think the present cause of action was barred by the former suit, and the judgment here appealed from awarding damages to appellee will be reversed, and the cause dismissed."

The foregoing quotation from *Morgan* v. *Rankin* unerringly points to the conclusion we have reached in the case at bar.

The judgment is affirmed.

Mr. Justice ROBINSON dissents.