BAILEY REYNOLDS *v.* BAKEM CREDIT UNION

73-75                                    500 S.W. 2d 355

Opinion delivered October 22, 1973

R. *David Lewis,* for appellant.

W. J. *Walker,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee brought this action upon a $750 promissory note executed by the appellant Reynolds and by a co-maker whose debts have been discharged in bankruptcy. Reynolds has not denied his liability for the principal amount of the note. He did, however, file a counterclaim, individually and as the asserted class representative of other borrowers from the plaintiff, asserting that the plaintiff had violated the Truth in Lending Law, 15 U.S.C.A. § 1639, by failing to disclose the amount of its finance charges and its annual percentage rate. This appeal is from an order sustaining the plaintiff's motion to dismiss Reynolds' counterclaim. Though the point is not argued in the briefs, we may assume the order to be appealable. See *Eisen* v. *Carlisle & Jacquelin,* 370 F. 2d 119 (2d Cir., 1966); *Reader* v. *Magma-Superior Copper Co.,* 108 Ariz. 186, 494 P. 2d 708 (1972); *Miles* v. *N.J. Motors,* 32 Ohio App. 2d 350, 291 N.E. 2d 758 (1972).

Reynolds concedes that the trial court's action in dismissing his counterclaim, insofar as it constituted a class action, must be affirmed unless we overrule our holding in *Tucker* v. *Pulaski Fed. S. & L. Assn.*, 252 Ark. 849, 481 S.W. 2d 725 (1972), which was decided at about the same time the trial court entered the order now before us. In *Tucker* we held that the filing of a class action is not within the scope of the counterclaim statute. Ark. Stat. Ann. § 27-1121 (Repl. 1962).

We adhere to the *Tucker* decision. Reynolds argues that both the counterclaim statute and the class action statute, Section 27-809, were parts of the Civil Code and should be construed together. In 1935, however, the legislature amended the counterclaim statute to provide that a defendant "must" assert his counterclaims, making that assertion mandatory. *Corey* v. *Mercantile Ins. Co. of America*, 207 Ark. 284, 180 S.W. 2d 570 (1944). Obviously the filing of a class action by counterclaim cannot be mandatory, for if it were the other members of the class would be bound by a single defendant's failure to assert the common cause of action by counterclaim.

Reynolds also argues that the *Tucker* decision deprives him of his opportunity to maintain the class action, if he cannot assert it by counterclaim in this case. There are two answers to that contention. First, Reynolds could have filed the class action as plaintiff before the appellee took the initiative by instituting the present suit. Secondly, Reynolds has no inherent or constitutional right to bring a class action, because, apart from his personal cause of action, the recovery would be for the benefit of other persons.

In the briefs both sides agree that the trial court erred in dismissing Reynolds' personal counterclaim. We do not pass upon the merits of that cause of action, for even if we held the pleading to be demurrable, Reynolds would be entitled to amend. We therefore affirm the trial court's action in dismissing the class-action counterclaim, but we set aside the dismissal of Reynolds' personal counterclaim and remand that cause for further proceedings, with Reynolds to recover his appellate costs.