## Derol MAY *v.* EXXON CORPORATION

74-34                                          512 S.W. 2d 11

### As Amended on Denial of Rehearing
### July 22, 1974

*Gannaway, Darrow & Hanshaw,* for appellant.

*W. P. Hamilton,* for appellee.

FRANK HOLT, Justice.    Appellee brought suit against appellant on a promissory note and an open account for goods delivered to appellant while he operated two of appellee's service stations. Appellant duly filed his answer and thereafter amended it by a counterclaim alleging certain unfair and discriminatory business practices by appellee, i.e., supplying gasoline at a lower price to a nearby competitor. He sought compensatory and punitive damages. Appellee moved to strike the amendment alleging that the counterclaim was filed untimely, which is admitted, and that

all counterclaims are compulsory by the provisions of Ark. Stat. Ann. § 27-1121 (Repl. 1962). Before the trial court ruled, however, appellant filed a separate suit alleging the same cause of action. Appellee demurred on grounds of the pendency of the original action between the same parties and the same issue. Both cases were consolidated. The court dismissed appellant's counterclaim and sustained appellee's demurrer to the separate action. Appellant contends that the trial court erred. We cannot agree.

Appellant does not contend that the trial court abused its discretion in refusing to permit him to amend his answer after more than one year to include a counterclaim. Instead the sole issue is whether the filing of a counterclaim is controlled by § 27-1121. Appellant's attempted counterclaim does not relate to a collection of his note and for goods purchased by him from appellee. By the counterclaim he seeks damages for allegedly discriminatory unfair business practices. Appellee, however, insists that all of appellant's existent causes of action must be pleaded in his counterclaim.

Ark. Stat. Ann. § 27-1123 (Act 267 of 1917) defines a counterclaim. It reads:

The counterclaim mentioned in this chapter [§§ 27-1121—27-1125, 27-1129, 27-1130] may be any cause of action in favor of the defendants, or some of them against the plaintiffs or some of them.

§ 27-1121 (4) (Act 54 of 1935) affects this counterclaim section and in pertinent part provides:

In addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense [,] counter-claim or set-off, whether legal or equitable, as he shall have.

§ 27-1123 has been held to *allow* (before the 1935 amendment of § 27-1121 [4]) the defendant to counterclaim in either a contract or tort action or in any case where liability could be asserted in an original action brought against the plaintiff. *Coats* v. *Milner*, 134 Ark. 311, 203 S.W. 701 (1918)

and *Church* v. *Jones*, 167 Ark. 326, 268 S.W. 7 (1925). In the latter case we said that a counterclaim is "*** in effect, the instituting of a cross-action, and the part of the answer alleging it is in the nature of a complaint by the defendant against the plaintiff." We further said "*** the manifest purpose of the Legislature in defining a counterclaim [§ 27-1123] was to permit persons who have gone to law to settle, in a single suit, all matters in dispute between them, whether the respective causes of action grow out of the same or different contracts or whether they arise upon contract or arise out of some tort."

§ 27-1123 must be interpreted in conjunction with § 27-1121 (4) in order to determine if the counterclaim is compulsory. We have interpreted the section as mandatory. *Corey* v. *The Mercantile Insurance Company of America*, 207 Ark. 284, 180 S.W. 2d 570 (1944). Failure to plead the counterclaim is res judicata. *Olmstead* v. *Rosedale Bldg. & Supply, et al*, 229 Ark. 61, 313 S.W. 2d 235 (1958). and *Corey*, supra. However, it appears that these cases dealt with counterclaims arising out of a more nearly related transaction, although the language in them does not limit the mandatory provision of § 27-1121.

We construe the mandatory provision of § 27-1121 as to counterclaims as being applicable and controlling in the case at bar. The amendatory language of § 27-1121, when read in conjunction with § 27-1123, required appellant to plead in his answer or timely amended answer his claim for damages as a result of the asserted discriminatory business practice against him by appellee. *Martin* v. *Romes*, 249 Ark. 927, 462 S.W. 2d 460 (1971). In *Corey*, supra, we observed that the legislature, in amending the counterclaim statute to include the word "*must*," "***meant something by this change and that was to require a defendant to 'set out in his answer as many grounds of defense, counterclaim or setoff, whether legal or equitable, *as he shall have.*' Otherwise there would have been no occasion to amend said subsection ****." (Emphasis added.) Appellant, not having timely pleaded his counterclaim is therefore barred from bringing a separate action.

In treating a related question, we have said "[T]here does not appear any valid distinction between a counterclaim and a cross-complaint." *Huffman* v. *City of Hot Springs*, 237

Ark. 756, 375 S.W. 2d 795 (1964). There an answer was time-ly filed and then more than a month later a cross-complaint. In reversing the trial court's rejection of the cross-complaint, we said "[T]he filing of an answer meets the requirement of the statute, and there is no sound reason why a party should not be permitted to amend his pleading thereafter, provided, of course, such pleading is filed within a reasonable time." Certainly, in the case at bar, the appellant has not demonstrated that his counterclaim was offered within a reasonable time following his answer and the refusal of the counterclaim was an abuse of discretion. Here, our opinion should not be construed to prevent any litigant from filing a counterclaim within a reasonable time after the filing of an answer, especially where the trial court approves or the right is reserved by approval of the trial court.

Affirmed.