SHERWOOD *v.* HANEY.

CROSBY *v.* JAMES.

LARNED *v.* SHEPARD.

Opinion delivered November 28, 1896.

USURY—WHAT CONSTITUTES.—To sustain the plea of usury, it must appear that excessive interest was paid to the lender, or that a bonus or commission was paid to the agent of the lender, with his knowledge, or under circumstances from which his knowledge will be presumed, which commission, when added to the interest paid, or to be paid, would exceed the lawful rate.

Appeals from Yell Circuit Court in Chancery, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

*J. H. Watson* for appellant.

Usury must be proved. The burden is on the party pleading it. 3 Green (N. J.) 481; 69 N. Y. 339; 57 Ill. 138; 36 Wis. 390; 22 N. Y. Eq. 606; 25 *id.* 491; 34 N. Y. 444; 48 Ill. 353; 17 Vt. 231; 2 Green (N. J.) 460. There was no usury shown. *Banks* v. *Flint*, 54 Ark. 50; *May* v. *Flint*, 54 Ark. 574; *Holt* v. *Kirby*, 57 *id.* 256.

*Robert Toomer* for appellees.

This case was tried upon the evidence taken in the case of *Banks* v. *Flint*, 54 Ark. 40. In these cases the

lender exacted the *highest rate of interest* allowed by law, and was charged with notice that the agent would collect his commissions from the borrower. 51 Ark. 546; 51 *id.* 534.

HUGHES, J. These are all suits to foreclose mortgages upon lands, given to secure money loaned in each case, respectively, to the appellees.

The defense in each case is usury, which was sustained by the court below, and in each of which a decree was entered annulling and cancelling the note and trust deed, from which the plaintiff in each case appealed.

In the case of *Banks* v. *Flint*, 54 Ark. 50, this court said, through Hemingway, Judge, that, "to sustain the plea of usury, it must appear that excessive interest was paid to the lender, or that a bonus or commission was paid to the agent of the lender, with his knowledge, or under circumstances from which his knowledge will be presumed, which commission, when added to the interest paid or to be paid the lender, would exceed the lawful rate."

Now, we do not find any evidence, in either of these cases, that there was any unlawful interest paid to the lender, or that in either a bonus or commission was paid to any agent of the lender, with his knowledge or under circumstances from which his knowledge can be presumed, which commission, when added to the interest paid, or to be paid the lender, would exceed the lawful rate.

We are therefore of the opinion that there is error in the judgment of the court below in each of these cases in sustaining the plea of usury in each case, and the judgment in each of these cases is reversed, for the error aforesaid, and each of said causes is remanded, with directions to the court below to enter a decree in each of said causes foreclosing the mortgage therein, and for further proceedings in accordance with law and the opinion herein.