## Sherwood v. Wilkins.

### Opinion delivered May 14, 1898.

1. LIMITATIONS—MATURITY OF NOTE.—A mortgage given to secure three notes, maturing at different dates, provided that, upon a failure to pay any of the notes, or interest on them, when due, the mortgagee might, at his option, declare the whole sum of principal and interest due. *Held* that, in the absence of such a declaration, the statute of limitation would begin to run against any one of the notes when it matured according to its terms, and not on a default in the payment of interest. (Page 314.)

2. FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS.—The constitutional provision that no foreign corporation shall do business in the state "except while it maintains therein one or more known places of business and an authorized agent or agents in the same upon whom process may be served" (art. 12, § 11) is not self-executing, and no penalty attached to its violation until the legislature acted. (Page 315.)

3. USURY — COMMISSION TO BORROWER'S AGENT.— A commission to a borrower's broker for procuring the loan, paid by the borrower without the lender's knowledge, does not render the loan usurious. (Page 315.)

Appeal from Cross Circuit Court in Chancery.

FEXLIX G. TAYLOR, Judge.

*Watson & Fitzhugh* and *T. E. Hare*, for appellants.

Where a mortgage provides that, on default of any pay-ment of interest, the whole sum shall become due, and the mort-gage may be foreclosed, limitations begin to run when the note matures according to its terms, and not on default in payment of interest.  116 Cal. 232; *ib.* 220.  It is no defense that the Freehold Company is a foreign corporation, and has not complied with § 11, art. 12, of the constitution.  60 Ark. 325.  To charge appellant with usury, knowledge on their part of the usurious contract must be proved.  54 Ark. 40; *ib.* 573; 38 S. W. 15.

*Norton & Prewett*, for appellees.

If the lending company was innocent of the usurious na-ture of the contracts which were being made for it, this fact was peculiarly within its knowledge, and if it would use such innocence as a defense, it must show it.  19 Ark. 146; 32 Fed. 122; 17 S. E. 455; 1 N. W. 613; 2 Atl. 374.  In this case, knowledge was imputable to the lending company.  38 S. W. 1113; 51 Ark. 534.

HUGHES, J.  The bill in this cause was filed in the circuit court of Cross county to foreclose a trust deed executed by the appellees to Sherwood, as trustee, to secure their three notes, payable to appellants, the American Land-Mortgage Freehold Company, Limited, as follows:  One note for $166, due Decem-ber 26, 1886; one note for $166, due December 26, 1887; one note for $168, due December 26, 1888.  Attached to the last-mentioned note was an interest coupon for $13.31, due at the same time with the note, to-wit:  December 26, 1888.  All of said notes and the trust deed were executed on the 26th day of December, 1883.  The bill was filed December 22, 1893.  The trust deed and notes were filed as exhibits to the bill.

The defendants by their answer set up three defenses:  (1) Usury;  (2) the statute of limitation of five years;  (3) that the complainant, the Freehold Company, was a foreign corpora-

tion, and had not complied with section 11, article 12, of the constitution of the state of Arkansas, providing that foreign corporations shall do no business in this state except while it maintains therein one or more known places of business, and an authorized agent or agents, in the same, upon whom process may be served.

The testimony adduced by the defendants failed to establish the first defense.

As to the second defense, to-wit, the statute of limitations of five years, it is conceded that the bar had attached as to the two notes for $166 each, one due December 26, 1886, and the other due December 26, 1887.

As to the third and last note, to-wit: the one for $168, due December 26, 1888, and the interest coupon for $13.31, due on the same date, the bar had not attached, as the five years from the maturity of the note and coupon last referred to did not expire until four days after the bill was filed. Defendants claim, however, in their answer, that, even as to this last note, the statute of limitations is a good defense, because, under the terms of the trust deed, the plaintiffs had a right of action upon all of said notes upon the failure of the defendants to pay the one maturing in 1886, at maturity. We think it clear, however, that this contention cannot be maintained. The language of the trust deed is that, "should said first parties fail to pay any of said money hereby secured, either principal or interest, when the same becomes due, or to conform to, or to comply with, any of the foregoing conditions or agreements, the principal sum of money hereby secured may, without notice to said first party, at the option of the said third party (the Freehold Company) or his assigns, and at his option only, be declared due and payable at once," etc. In the absence of proof to show the appellant company had exercised this option, it will not be seriously contended in this court that the statute of limitations began to run before the maturity of the notes, according to their tenor. It has been expressly held that, even where a mortgage provides that, in default in payment of interest, the whole sum of principal and interest shall become due, and the mortgage may be foreclosed, limitations begin to run when the note matures according to its terms, and not on

default in payment of interest. *Mason* v. *Luce*, 116 Cal. 232; *Richards* v. *Daley*, *ib.* 336.

The third defense, that the Freehold Company is a foreign corporation, and had not complied with section 11 of article 12 of the constitution, is disposed of by the opinion of the court in the case of *St. Louis, Arkansas & Texas Railway Company* v. *Fire Association of Philadelphia*, 60 Ark. Rep. 325. In regard to that section of the constitution, Mr. Justice Battle, delivering the opinion of the court, says: "It is not self-executing. It does not provide how the agent shall be designated, or how the place of business shall be made known. The Commercial Company had no right to say upon what agent process may be served. The legislature alone had the right. Until it exercised it, there was no penalty for the violation of the constitution in that respect." 60 Ark. Rep. 325. The notes and trust deed in this case were given in December, 1883, and the act of the legislature carrying into effect the constitutional provision under consideration was not passed until April 4, 1887. The appellant company very promptly complied with the requirement of this act.

In regard to the question of usury, the evidence shows that the appellee employed T. E. Hare as his agent, and agreed to pay him a commission of twenty per cent., or one hundred dollars, to procure the loan for him, and that Hare was not the agent of the company, and that it knew nothing of the contract between Hare and the appellee. It follows, therefore, that the fact that the appellee, without the knowledge of the company, agreed to pay his agent, Hare, for services rendered him, a sum as commission, which, added to the interest, would have made the loan usurious, had the company authorized or knowingly permitted it, if Hare had been its agent, would not make the loan usurious. *Banks* v. *Flint*, 54 Ark. 40; *May* v. *Flint*, 54 Ark. 573; *Sherwood* v. *Haney*, 63 Ark. 249.

The decree as to the two notes for $166 each, due respectively December 26, 1886, and December 26, 1887, is affirmed. But as to the note for $168, due December 26, 1888, and the interest coupon thereto for $13.31, due the same date, the decree is reversed, and the cause is remanded, with directions to

foreclose the deed in trust for the amount of the note and coupon last mentioned.