### HODGES *v.* TAFT.

4-4705

Opinion delivered June 21, 1937.

*Ferguson & Madole,* for appellants.
*Wilson & Wilson,* for appellee.

MEHAFFY, J. This action was begun by the appellee as administratrix of the estate of Charles E. Russell, deceased, praying judgment on certain promissory notes and mortgage given to secure their payment. The following is a copy of the principal note:

"On the first day of April, 1937, for value received we promise to pay to the order of the Inter-State Mortgage Trust Company the principal sum of Twelve Hundred and No/100 Dollars, with interest thereon from date hereof at the rate of six per cent. per annum, until maturity, payable semi-annually according to the tenor of twenty interest coupons hereto attached, each for the sum of Thirty-six and No/100 Dollars bearing even date hereof both principal and interest coupons payable at the office of the Inter-State Mortgage Trust Company in Greenfield, Massachusetts, and if default be made in the principal or any of the said interest coupons or any part of the same as they severally mature, then both principal and interest shall become due and payable and the holder of this note may proceed to collect and enforce the same by law.

"Dated at Booneville, State of Arkansas, this 29th day of March, 1927."

At the same time the principal note was given, interest coupons were given, all of which are alike, and the following is a copy of one of them:

"$36                              Arkansas, March 29, 1927.

"On the first day of October, 1929, for value received, we promise to pay to the Inter-State Mortgage Trust Company, or bearer, thirty-six and No/100 Dollars at the office of said company in Greenfield, Massachusetts, the same being the interest on the principal note of $1,200 of even date herewith. This note bears interest after maturity at the rate of 10 per cent. per annum."

At the same time the notes were executed, a mortgage was executed to secure the payment of said notes. The mortgage was assigned and became the property of the appellee.

Appellants filed answer admitting the execution of the notes and mortgage, but deny that the notes and mortgage were purchased by Charles E. Russell, and deny that subsequent to the purchase of said mortgage, bond and coupons, that the Inter-State Mortgage Trust Company was adjudged bankrupt, and deny that Russell became the legal holder of the bond, coupons and mortgage, and deny generally each and every material allegation of the complaint, which is not specifically admitted. They allege that the cause of action is barred by the statute of limitations.

The principal note contains the following statement: "and if default be made in the principal or any of said interest coupons or any part of the same as they severally mature, then both principal and interest shall become due and payable and the holder of this note may proceed to collect and enforce the same by law."

The mortgage contains the following acceleration clause:

"Now if default shall be made in the payment of any note secured hereby, or if any installment or interest thereon, when due; or in the payment of any charges, taxes or assessments levied upon said property; * * * or if breach should be made in any other of the covenants, agreements, terms or conditions herein contained; then the whole sum intended to be secured hereby shall immediately, at the option of the holder of the notes secured hereby, become due and payable without notice, and the holder hereof may proceed to foreclose this mortgage by suit * * *."

Appellants say: "The question presented by this appeal is presented by the pleadings in the case and is a question whether or not the Statute of Limitations has run on the note herein sued upon at the time the suit was instituted."

It is contended by the appellants that what they call the absolute acceleration clause in the note, is controlling and that without any action on the part of the appellants, the obligations became due and payable

when default was made in the payment of one of the interest coupons. It is contended that the note is the principal instrument, and that the mortgage is a mere incident thereto, and that as there is a conflict between the terms of the note and the terms of the mortgage, that the terms of the note should prevail.

Under our statute if the debt for which the mortgage was given is barred, this is a defense and the mortgage cannot be foreclosed after the debt which it is given to secure is barred.

Appellants contend, however, that the acceleration clause in the note is controlling, and they cite *Johnson* v. *Guaranty Bank & Trust Company,* 177 Ark. 770, 9 S. W. (2d) 3. The court said in that case:

"It is claimed that the failure to pay the purchase money note and the accrued interest on January 1, 1927, was due to the fault of the mortgagee, and an effort was made to place the blame upon its officers, who represented it in the transaction, but in this the chancery court was justified in finding that the defendants had failed."

In that case it appears that the acceleration clause was in the mortgage alone, and not in the notes, and it was barred unless there was some fault on the part of the mortgagee, and the court found that there was none.

Appellants next call attention to 17 R. C. L. 771, and quote a part of paragraph 139. That paragraph also contains the following: "But where notes are given for a debt, all of which is to become due at the option of the payee, in case of default in payments of interest, such option applies to the notes, and the notes are not due on default of payment of interest so as to set the statute of limitations running, unless the payee exercises his option to accelerate their maturity.

Appellants, also, call attention to the same volume of R. C. L. at page 793. That section, however, says that according to some authorities, where the mortgage contains an acceleration clause, that the right to recover accrues when default is made, but that other cases hold to the contrary.

Appellants, however, admit that there is conflict in the authorities. A number of authorities are cited by appellants, which we do not think it necessary to discuss.

In the instant case the note, coupons and mortgage were all executed at the same time and each a part of the same transaction, and, therefore, must be construed together.

"If two or more writings are executed at the same time, between the same parties and concerning the same subject-matter, they may be construed together as part of the same contract, at least in the absence of evidence to the contrary * * * a note and the mortgage by which such note is secured." Page on Contracts, vol. 4, page 3538; *Kendall* v. *Selby,* 66 Nebr. 60, 103 Am. St. Rep. 697, 92 N. W. 178; *Consterdine* v. *Moore,* 65 Nebr. 291, 96 N. W. 1021, 101 Am. St. Rep. 620.

The acceleration clause in the note was for the benefit of the payee and while he could, he was not required to take advantage of it, and when the note and mortgage are construed together it seems clear to us that it was optional with the mortgagee, and that the failure to make payments did not, of itself, start the statute of limitations to running, especially when the mortgage contained a clause which was clearly optional.

We think when the note and mortgage are construed together, that the acceleration clauses were made for the benefit of the mortgagee, and were optional, and the statute of limitations did not begin to run merely on default of payment of an interest coupon. These notes and mortgage were given for borrowed money, it is admitted that the debt has not been paid, and the only reason given by appellants is that the cause of action is barred by the acceleration clause in the notes. As we have already said, when this clause in the note is construed with the acceleration clause in the mortgage, the right to accelerate was optional with the mortgagee. Any one for whose benefit a provision in a contract is made, may waive it, and it is, therefore, optional whether he will enforce it.

264

The decree of the chancery court is correct, and is, therefore, affirmed.