HODGES *v.* DILATUSH.

4-5768                                        136 S. W. 2d 1018

Opinion delivered February 12, 1940.

*A. B. Knipmeyer* and *Elton A. Rieves, Jr.,* for appellant.

*J. Brinkerhoff,* for appellee.

GRIFFIN SMITH, C. J. Ten notes for $400 each, dated September 27, 1927, payable to bearer, were executed by D. A. Busby and his wife, Hattie, in consideration of balance due on certain lots they purchased from appellant. The lots were in West Memphis, Ark. One of the notes was due each year over a ten-year period, "on or before."

Hodges (appellant) executed a warranty deed. The Busbys secured their notes by a mortgage covering the purchased property.

February 17, 1928, D. A. Busby and his wife, by deed, conveyed the lots to Emma James. This grantee immediately conveyed to Richard C. Busby, trustee, to secure an indebtedness of $2,500 due D. A. Busby and wife.

February 4, 1929, Emma James joined with John L. White and wife in conveying the property to Harry Spears, the conveyance being subject to Warner Hodges' mortgage. Interest of the Whites is not a matter of record. The mortgage executed by D. A. and Hattie Busby to Warner Hodges was recorded prior to the conveyance by Mrs. James and the Whites.

In August, 1929, appellant filed suit to foreclose his mortgage, naming D. A. Busby and Hattie Busby as defendants. The notes at that time were pledged to Security Bank & Trust Company of Memphis, Tenn. The bank was in receivership. It was alleged that the de-

fendants had failed to pay taxes, and had also defaulted in payment of the note due September 27, 1928. An acceleration clause of the mortgage provided that failure of the mortgagors to pay any note when due, or to pay taxes, rendered all notes due. There was a declaration that all notes were due. The receiver for the bank did not join in the suit, and it was dismissed a year later. In the meantime, the defendants had moved to have the complaint made more specific.

December 27, 1936, appellant again instituted foreclosure proceedings. It was alleged that W. H. Dilatush claimed an interest in the lots through purchase conducted for the benefit of St. Francis Levee District. Other defendants were brought in. June 10, 1937, judgment by default was rendered. Thereupon, W. H. Dilatush and Harry Spears successfully moved to have such judgment vacated, and answers were filed. Spears claimed title as a remote vendee of the Busbys; also by virtue of redemptions from state tax sales.

Various defenses were interposed to the rights asserted by Dilatush and Spears, including alleged irregularities of tax sales, the contentions being that there were jurisdictional defects in proceedings.

The chancellor found that all of the notes were barred by limitation. Appellant insists that this holding is erroneous in part, but concedes that the notes maturing in 1928, 1929, 1930 and 1931 are barred.

Although conceding that on the face of the complaint an attempt was made in 1929 to invoke the acceleration clause of the mortgage, appellant now insists the effort was ineffective because the notes were pledged to the Memphis bank, and the receiver declined to recognize the proceedings; therefore, he says, the last six notes are not barred.

Appellees point to the language of the mortgage, and insist that no option was left to appellant; that the language of the contract fixed the rights of the parties, and that when default was made in payment of the note due in 1928, and in payment of taxes, the remaining notes,

*ipso facto,* became due. Appellees also insist that if notice of an intent to exercise the option of acceleration were necessary, it was given in the suit filed in 1929.

The acceleration clause is: "Default in any payment shall and does hereby constitute default in all unpaid notes, in which event all shall be due and payable."

The general rule is that when a mortgage is given to secure notes maturing at different dates, the acceleration clause is for the benefit of the mortgagee if the language employed is such as merely to create an option. In such cases the statute of limitation does not begin to run until the mortgagee has declared the forfeiture. *Sherwood* v. *Wilkins,* 65 Ark. 312, 45 S. W. 988; *Hodges* v. *Taft,* 194 Ark. 259, 106 S. W. 2d 605. [See, also, *State National Bank* v. *Temple Cotton Oil Co.,* 185 Ark. 1011, 50 S. W. 2d 980.]

The acceleration clause in the instant case is not an option. By express language it declares the event. The default "hereby" makes all unpaid notes due. "Hereby" means by the language of the mortgage, by the act of the parties. The contract is that the happening of a contingency, of its own force, is a declaration that all of the notes are due.

[For other cases on the subject see *McCormick* v. *Daggett,* 162 Ark. 16, 257 S. W. 358; *Markel* v. *Fallin,* 161 Ark. 504, 256 S. W. 841; *Johnson* v. *Guaranty Bank & Trust Co.,* 177 Ark. 770, 9 S. W. 2d 3; *Perkins* v. *Swain,* 35 Idaho 485, 209 P. 585, 34 A. L. R. 894.]

Having reached the conclusion that the parties made an enforcible contract which is clearly expressed and free from ambiguity, it must be held that the statute of limitation began to run when default was made in payment of the first note.

Affirmed.