## RUTKOWSKI v. UNITED STATES.

### No. 9951.

Circuit Court of Appeals, Sixth Circuit.

May 23, 1945.

Frank Rutkowski, of Alcatraz, Cal., in pro. per.

Vincent Fordell, of Detroit, Mich. (John C. Lehr and Vincent Fordell, both of Detroit, Mich., on the brief), for the United States.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The appellant filed a motion to vacate a sentence imposed on the second count of an indictment charging him with violation of Title 18 U.S.C. § 99, 18 U.S.C.A. § 99. The District Court overruled the motion, and from this order this appeal is prosecuted.

The statute alleged to be violated reads as follows:

"Whoever shall rob another of any kind or description of personal property belonging to the United States, or shall feloniously take and carry away the same, shall be fined not more than $5,000, or imprisoned not more than ten years, or both."

An indictment in two counts was returned against the appellant, who after pleading guilty was sentenced to ten years imprisonment and a fine of $1,000 on Count I, and to ten years on Count II, the sentences to be served consecutively.

The pertinent part of Count I of the indictment charged the appellant with unlawfully and knowingly robbing a postal clerk in the city of Detroit, Michigan, "of certain personal property belonging to the United States, to-wit: $207.27 of money order funds and $80.54 of Postal Funds," which were then and there in the custody of such postal clerk, with the intent to convert the personal property described to his own use.

Count II of the indictment charged that the appellant, on the date of the robbery charged, unlawfully and knowingly took and carried away from the postal station in question certain personal property belonging to the United States, with the intent to convert it to his own use. The property described was identical with that described in Count I.

The appellant contends that the indictment charges only one offense and that the sentence under the two counts places him twice in jeopardy for the same offense, in violation of the Fifth Amendment to the Constitution of the United States.

The appellee contends, and the District Court held, that while the robbing of the postal clerk and the taking of the personal property belonging to the United States involved only one transaction, the statute established two distinct offenses, one the offense of robbery, and the other the offense of feloniously taking and carrying away personal property belonging to the United States. These offenses were held in Jolly v. United States, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085, to be distinct and separate, and therefore the appellee urges that the denial of the motion must be sustained.

We bear in mind the established rule that the test to be applied in determining whether offenses charged in two or more counts of an indictment constitute separate and distinct crimes is whether each count requires proof of an additional fact which is not required by the other. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362. In that case an agreement by a certain federal officer to receive compensation for services before a department of the Government in relation to matters in which the United States was interested was made by statute an offense. The receiving of compensation in violation of the statute was made another and separate offense. The Supreme Court pointed out that the statute might be violated by an agreement to receive compensation for services to be rendered without any compensation being in fact paid, and that it also might be violated by the receiving of compensation for the forbidden services without any previous agreement. In one case the principal fact necessary to establish the crime is the agreement; in the other case it is the receipt of the compensation.

Under the statute involved here, to sustain the robbery charge, evidence of forcible taking or a taking by putting the individual robbed in fear, is essential, while to sustain the charge of felonious taking only the elements of ordinary larceny need be proved. Other and additional proof than that needed for larceny is required to establish the crime of robbery, and in this sense the two offenses are distinct and separate. If the crime of robbery has been made out, however, no additional proof is required to establish the crime of larceny. There may be larceny without robbery, but there can be no robbery without larceny, for robbery includes larceny. Lamore v. United States, 78 U.S.App.D.C. 12, 136 F.2d 766. Robbery is in fact larceny committed by violence, and includes stealing and asportation as well as assault. Bertsch v. Snook, 5 Cir., 36 F.2d 155; Costner v. United States, 4 Cir., 139 F.2d 429.

We think that Jolly v. United States, supra, is not dispositive of this case. There

it was contended that in order to sustain an indictment under § 5456, R.S., the predecessor of Title 18 U.S.C. § 99, 18 U.S.C.A. § 99, there must be a felonious and forcible taking of personal property. In overruling this contention, the court said [170 U.S. 402, 18 S.Ct. 625]:

"1. There are two distinct offenses mentioned in the statute.

"One is the offense of robbery, the legal and technical meaning of which is well known. It is a forcible taking, or a taking by putting the individual robbed in fear.

"There is also set forth in the statute the crime of feloniously taking and carrying away any kind or description of personal property belonging to the United States. This is a distinct and separate offense from that of robbery. If the statute required the taking to be forcible in all cases, the language providing against the felonious taking and carrying away of the personal property of the United States would be surplusage, the forcible taking being already implied and included in the use of the word 'rob.' But, in addition to robbery, the offense of feloniously (not forcibly) taking the personal property of the United States is created. The indictment herein comes under the latter head."

No question as to whether the crime of larceny is embraced in the crime of robbery, and whether a sentence can be imposed both for the robbery and the larceny of the identical property in the same transaction, under the applicable statute, was presented in the Jolly case. This is the controlling question here.

■ We realize that there are decisions holding that the two offenses are distinct and separate under facts similar to those herein presented. Cf. Duffy v. Hudspeth, Warden, 10 Cir., 112 F.2d 559. But we think that our conclusion is in accord with the sounder view. Since robbery includes larceny, it also includes asportation, which is an element of larceny. The degree of the taking is immaterial, the least removing of the thing taken from the place it was before with intent to steal it being sufficient. People v. Baker, 365 Ill. 328, 6 N.E.2d 665; Hodges v. Dilatush, 199 Ark. 967, 136 S.W.2d 1018; Davis v. State, 41 Ariz. 12, 15 P.2d 242; Harrison v. People, 50 N.Y. 518, 10 Am.Rep. 517; Eckels v. State, 20 Ohio St. 508; Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360; State v. Nelson, 121 W.Va. 310, 3 S.E.2d 530. In every case where personal property is taken by force and violence or by putting in fear, there is an asportation.

■ It follows that no additional evidence was necessary to sustain the second count, and that the crime charged therein is included and comprehended in the charge of the first count. Hence the imposition of a sentence under each count results in placing the appellant twice in jeopardy for one and the same offense, in violation of the Constitution of the United States.

The judgment is reversed and the case is remanded with directions to vacate the sentence imposed under Count II of the indictment.