Richard C. HARRISON *v.* Jack GLASS

78-102                                        572 S.W. 2d 143

Opinion delivered October 23, 1978
(Division I)

*Hardin, Jesson & Dawson,* for appellant.

*Walters & Davis,* by: *James O. Cox,* for appellee.

FRANK HOLT, Justice. This appeal relates to the interpretation of our compulsory counter-claim statute. Ark. Stat. Ann. § 27-1121 (Repl. 1962). Appellant Harrison was a defendant in a tort action brought by appellee Glass. There Harrison filed his answer on February 20, 1976, and the case was tried on September 25, 1977. In the interim, or after the issues were joined, an incident occurred on May 17, 1976, between Harrison and Glass which resulted in Harrison filing a separate action on September 2, 1977, against Glass or before trial of the initial or first action between them. Appellee Glass moved to dismiss the September 2 lawsuit on the grounds of

the pendency of the first lawsuit between the parties inasmuch as appellant had failed to set out that cause of action by way of a defense or counter-claim in the first suit as required by § 27-1121. The court granted appellee's motion and dismissed the complaint holding that appellant's subsequent suit should have been brought as a counter-claim in the pending or initial litigation. For reversal Harrison contends that the court erred in dismissing his complaint because he was not required by § 27-1121 to assert as a counter-claim his separate cause of action since it arose after the issues were joined in the first or pending litigation. We agree.

Ark. Stat. Ann. § 27-1121 (Repl. 1962) provides in pertinent part:

Fourth: In addition to the general denial above provided for, the defendant must set out in his *answer* as many grounds of defense, counter-claim or set-off, whether legal or equitable, *as he shall have* . . . . . [italics supplied.]

The issue succinctly stated is whether this statute requires a party defendant, as here, to plead a counter-claim as a defense to a plaintiff's lawsuit when the defendant's cause of action arises subsequent to the time the defendant has filed an answer in the initial law suit. In other words, as the appellee states, the issue is whether the language "as he shall have" means only a cause or causes of action which existed at the time a defendant, as here, filed a timely answer and joins the issues. In *May v. Exxon Corp.*, 256 Ark. 865, 512 S.W. 2d 11 (1974), we interpreted § 27-1121 to require that the appellant defendant there had to assert by counter-claim his cause of action against appellee plaintiff since it was in existence at the time the complaint was filed against him. We held this was true whether such cause of action arose out of the same transaction or occurrence. Here we construe the words "as he shall have" to mean that our compulsory counter-claim statute does not embrace a cause of action that occurred in favor of a defendant and against a plaintiff subsequent to the issues having been joined between these same parties. Therefore, appellant, the defendant in the initial action, was not required to amend his answer to assert a

counter-claim. However, if a litigant chooses to do so, he is not precluded from amending his pleadings within a reasonable time to assert a counter-claim with the approval of the court or the court, in its discretion, considers it appropriate "in furtherance of justice." Ark. Stat. Ann. § 27-1160 (Supp. 1977) and *May* v. *Exxon Corp., supra.*

Reversed and remanded.

We agree: GEORGE ROSE SMITH, BYRD, and HOWARD, JJ.