Bernard A. BALTZ and Margaret BALTZ, His Wife
*v.* SECURITY BANK OF PARAGOULD,
Paragould, Arkansas

81-30                                           613 S.W. 2d 833

Supreme Court of Arkansas
Opinion delivered April 13, 1981

*King & King*, by:*Jim King*, for appellants.

*C. Joseph Calvin*, for appellee.

JOHN I. PURTLE, Justice. This is an appeal from an order of the Greene County Circuit Court dismissing the complaint filed by appellants. The court dismissed the complaint on the grounds that the cause should have been joined in a chancery court action which was pending at the time the complaint was filed.

Appellants argue three grounds for reversal: (1) the court erred in allowing the defense of res judicata to be presented by a motion to dismiss; (2) the court erred in holding that it was mandatory for appellants to join all claims in the pending chancery suit; and (3) the court erred in finding that the prior chancery court action was res judicata to the claim filed herein.

On October 28, 1976, appellants' predecessor in title

entered into a lease with B & W Farms concerning certain farm lands in Greene County, Arkansas. The lease was to run through calendar year 1980. B & W became insolvent about the time the appellants purchased the property which is the subject matter of these lawsuits. B & W assigned the lease to the present appellee. On March 29, 1979, the appellants filed a suit in the Greene County Chancery Court in which they sought to terminate the lease and collect damages from B & W Farms, Inc. Apparently the issues were joined, and the case was heard on March 3, 1980. The chancery court, among other things, held that the appellee would have possession of the farm lands for calendar year 1980. However, on February 27, 1980, the appellants had filed an action in the Greene County Circuit Court seeking damages for failure of the appellee to comply with and perform the covenants contained in the lease of October 28, 1976. The chancery suit was tried about a week before the appellee filed its answer to the action in circuit court. The answer was filed on March 11, 1980, and the right to plead further was reserved. On May 13, 1980, the appellee filed a motion to dismiss which was heard by the court on June 13, 1980. The circuit court case was dismissed by the court on June 24, 1980. In dismissing the complaint with prejudice the court held that the appellants were mandatorily charged with joining the present cause of action with the one pending in the chancery court.

We agree with the appellants that res judicata is an affirmative defense which must ordinarily be raised by answer; however, there are exceptions to the general rule. *Southern Farmers Assn., Inc.* v. *Wyatt*, 234 Ark. 649, 353 S.W. 2d 531 (1962); *May* v. *Edwards*, 258 Ark. 871, 529 S.W. 2d 647 (1975). In order for res judicata to be a bar, the issue sought to be barred must necessarily have been within the issue or an issue which could have been litigated in the prior action. *Hastings* v. *Rose Courts*, 237 Ark. 426, 373 S.W. 2d 583 (1963). However, we believe this case is controlled by the Rules of Civil Procedure and will be discussed in the next paragraph.

The second argument urged by the appellants is that the court erroneously held it was mandatory for the appellants

to join the present action in the one already pending in circuit court. We disagree with the holding of the court in this matter inasmuch as Rule 18(a) of the Rules of Civil Procedure states that a party asserting a claim for relief as an original claim may join any other cause of action that he may have against the opposing party. The foregoing rule states that it shall not affect the obligations of a party under Rule 13(a). The latter rule relates to compulsory counterclaims. This obviously was not a counterclaim inasmuch as it sought damages from the appellee as a result of the failure to perform its required duties in accordance with the lease. Since this rule relates only to counterclaims, it is inapplicable in the present case.

The last point argued by appellants is that the chancery court action should not have been allowed as a bar to the present action. This is included in the first point argued for reversal. In discussing the first two arguments we have necessarily covered this one inasmuch as we have cited reasons for allowing the circuit court action to be maintained even though the chancery action was still pending at the time suit was filed in circuit court. It would have been impossible for the appellants to have originally asserted the present claim in the suit filed in chancery. It could be argued that since the other action was still pending, the present claim should have been filed in the same action. While this argument sounds good it would have the effect of prolonging the determination of the issues in the chancery court proceeding. Thus, under a long-term lease the parties might have to wait until the entire lease was terminated before finding whether they were entitled to damages or other relief during the life of the lease. In examining the chancery court case we can readily see that the issues in the present case were not decided by the chancellor. Since every party is entitled to one fair trial of a question in dispute, it follows that the appellants are entitled to have their case heard in the circuit court.

Reversed and remanded.