Calvin **HOLLOWELL**, Plaintiff,

v.

**Carroll L. GRAVETT**, Sheriff for Pulaski County, Arkansas, et al., Defendants.

**Civ. No. LR–C–86–600.**

United States District Court, E.D. Arkansas, W.D.

Nov. 16, 1987.

Calvin Hollowell, pro se.

Carroll L. Gravett, Sheriff for Pulaski County, Jim Beach, Chief Deputy of Pulaski County, Tommy Holland, James Whitten, Ron Oliver, Ellis Throckmorton, William Driggers, Civ. Service Com'rs, Stephen L. Curry, for Pulaski County Judge Don Venhouse, Pulaski County Judge, Orin E. Montgomery and Randal B. Frazier, Ivester, Henry, Skinner & Camp, Greg T. Jones, and James M. Moody, Wright, Lindsey & Jennings, Little Rock, Ark., for other defendants.

Art Givens, Little Rock, Ark., for Sheriff's Dept.

Steve Clark, Atty. Gen., Bill Luppen, Asst. Atty. Gen., Little Rock, Ark., for Dave Dillinger, Detective Arkansas State Police.

## ORDERS AND MEMORANDUM DECISION

BOGUE, Senior District Judge.

In this *pro se* action, Plaintiff sues Defendants under 42 U.S.C.A. § 1983 (deprivation of equal protection of the laws), under 42 U.S.C.A. § 1985(2) and (3) (conspiracy to deprive him of his civil rights), 42 U.S.C.A. § 1986 (neglect to prevent civil rights violation), and 42 U.S.C.A. § 20003-2(a)(1) (Title VII employment discrimination, based on race). This case is consolidated, for purposes of trial, with CIV LR-C-86-337.

Pending before the Court are numerous motions by Defendants to dismiss and a motion by Defendant Dillinger for Summary Judgment. The Court will address all motions in turn.

Initially, however, the Court on its own motion, as authorized by FRCP 12(h)(3), considers whether or not it has subject matter jurisdiction of Plaintiff's Title VII claim. 42 U.S.C.A. § 2000e-5(f)(1) states that if a charge is filed with the Equal Employment Opportunity Commission (EEOC) (attached to Plaintiff's complaint are copies of his EEOC charges) and the EEOC dismisses the charges as baseless, *or* within 180 days of filing the charge the EEOC, or Attorney General (AG) (whichever is appropriate), has not filed a civil action based on charges, *or* the EEOC has not entered into a conciliation agreement to which the complainant is a party, *then* the EEOC or AG shall notify complainant of his right to sue and within 90 days after notice the complainant may sue respondents named in the EEOC charge in federal court.

■ The jurisdictional prerequisites to a Title VII claim are: 1) filing timely charges of employer discrimination; and 2) plaintiff's receipt/action upon the EEOC's notice of right to sue. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Sedlacek v. Hach,* 752 F.2d 333 (8th Cir.1985). A federal court does not have subject matter jurisdiction of a Title VII claim if the plaintiff has not alleged the jurisdictional prerequisite of receipt of notice of right to sue.

Plaintiff's complaint does not allege or infer that he received notice of his right to sue in federal court. Therefore, it is hereby

ORDERED that Plaintiff's Title VII claim is dismissed without prejudice for lack of subject matter jurisdiction.

Defendant Givens moves to strike the Complaint as redundant, to dismiss for failure to state a claim, and for dismissal based on res judicata, privilege, frivolity, and bad faith. (Docket # 3.) Defendant Givens' brief in support of his motions (Docket # 4) concentrates exclusively on his defenses of privilege and does not meet Plaintiff's allegations of conspiracy to deprive Plaintiff of his job because of race. (Docket # 1, Plaintiff's Complaint, para. VI.) Defendant's brief in support is simply a copy of a brief he submitted in CIV LR–C–86–337, which arguably met Plaintiff's allegations in that case, but does not meet them here. Therefore, it is hereby

■ ORDERED that Defendant Givens' motions to strike and dismiss are denied. Denial is based on Defendant's failure to comply with FRCP 7(b)(1) that motions "shall state with particularity the grounds therefore"; and Local Rule 20(a) that "[a]ll motions ... shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law". Additionally, Defendant's motion based on res judicata, privilege, frivolity and bad faith are denied because they are affirmative defenses and not the basis of a motion to dismiss. *Howard v. Green,* 555 F.2d 178 (8th Cir.1977); *May v. Edwards,* 258 Ark. 871, 529 S.W.2d 647 (1975); FRCP 8(c).

■ Defendant Venhaus moved to dismiss for failure to state a claim and on the basis of res judicata, waiver and estoppel. (Docket # 10.) The primary allegations against Defendant Venhaus are in Plaintiff's Complaint, para. IX. Plaintiff sues Defendant for violation of 42 U.S.C.A. § 1986 (neglect/refusal to prevent conspiracy to deprive Plaintiff of his civil rights).

The Court reviewed Defendant Venhaus' motion to dismiss against the standard applied to *pro se* complaints. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Freeman v. Blair,* 793 F.2d 166 (8th Cir.1986). Plaintiff has adequately pled a cause of action under 42 U.S.C.A. § 1986. Therefore, it is hereby

ORDERED that Defendant Venhaus' 12(b)(6) motion is denied. Additionally, Defendant's motions to dismiss based on res judicata, waiver and estoppel are denied because these are affirmative defenses and not the basis for a motion to dismiss.

Defendant Montgomery moved to dismiss for failure to state a claim, res judicata, waiver, estoppel and immunity. (Docket # 12.) The primary allegations against Defendant Montgomery are in Plaintiff's Complaint, para VIII. Plaintiff sues Montgomery for violation of 42 U.S.C.A. § 1985(3). The elements of a cause of action under 42 U.S.C.A. § 1985(3) are:

"... that defendants did (1) 'conspire ...' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspiratores (3) did, or caused to be done, 'any act in furtherance of the object of [the] conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'"

*Great Am. Federal S & L Ass'n. v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979) (citation omitted).

The Court concludes Plaintiff adequately pled a cause of action under 42 U.S.C.A. § 1985(3). Therefore, it is hereby

■ ORDERED that Defendant Montgomery's 12(b)(6) motion is denied. Additionally, Defendant's motion to dismiss based on res judicata, waiver, estoppel, and immunity are denied because they are affirmative defenses, not the basis of a motion to dismiss.

A number of Defendants made special appearances to move that Plaintiff's complaint against them be dismissed or their summonses quashed. (Docket # 14.) The motions are based on FRCP 12(b)(4), insufficiency of process, and FRCP 12(b)(5), insufficiency of service of process.

Defendants' supporting brief (Docket # 15) does not discuss the 12(b)(4) issue and there is no indication in the motion, or the motion's supporting affidavit, how the process was insufficient. Therefore, it is hereby

ORDERED that Defendants' 12(b)(4) motion is denied because it does not comply with FRCP 7(b)(1) or Local Rule 20(a), quoted above.

Defendants' supporting brief and affidavit is directed to 12(b)(5). The affidavit is made by Defendants' attorney who swears the summonses and complaints for Defendants were delivered to him at his office, that he is not Defendants' agent for service of process, nor is his office the residence or usual place of abode for Defendants.

Defendants rely on FRCP 4(d)(1). That rule states:

The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Attached to Plaintiff's response (Docket # 19) to Defendants' special appearance are copies of the challenged summonses. As Plaintiff points out, none of them were served on Defendants' attorney. Therefore, it is hereby

ORDERED that Defendants' 12(b)(5) motion is denied.

■ Defendant Dillinger moved for summary judgment based on res judicata of an Arkansas state court judgment. (Docket # 34.) This judgment (Docket # 34, Exhibit 4) affirmed the decision of the Pulaski County Civil Service Commission (CSC) sustaining the Sheriff's decision to fire Plaintiff. The county CSC's decision was oral (Docket # 34, Exhibit 3, p. 123–24) and devoid of any reason for sustaining the Sheriff. Plaintiff appealed the CSC's decision to state circuit court. The appeal was heard on the record. The court entered a judgment dismissing Plaintiff's appeal, holding that the CSC's decision was supported by substantial evidence. The record does not indicate judgment was supported by findings or a memorandum decision.

In this action, Plaintiff alleges Defendant Dillinger falsified polygraph statements, which statements were introduced into evidence at the CSC hearing through the witnesses who gave the statements. Plaintiff alleges Defendant Dillinger, who administered the polygraphs, falsified the polygraph statements as part of a conspiracy to fire him because of his race. (Docket # 1, Plaintiff's Complaint, para. V.)

Res judicata is an affirmative defense, which ordinarily must be raised in a responsive pleading. The burden of proof is on the party asserting it as a bar to the present action. *Howard v. Green*, 555 F.2d 178 (8th Cir.1977); *May v. Edwards*, 258 Ark. 871, 529 S.W.2d 647 (1975); FRCP 8(c). Defendant Dillinger did not plead res judicata as an affirmative defense in his Answer. However, since Plaintiff has not objected to the making of this defense by motion for summary judgment, the Court

will review Defendant's motion as if he had pled res judicata as a defense.

Defendant relies heavily on *Hirrill v. Merriweather,* 629 F.2d 490 (8th Cir.1980). In *Hirrill,* a Little Rock, Arkansas, police officer appealed his firing to the Pulaski County Civil Service Commission (CSC), which upheld the police chief's decision to fire him. The CSC's decision was affirmed on appeal by the state circuit court and the Arkansas Supreme Court. Plaintiff/police officer then sued in federal district court under 42 U.S.C.A. § 1983. *Hirrill* does not reveal the nature of Plaintiff's claim, other than to say "plaintiff claimed that the administrative actions complained of denied him rights guaranteed by the fourteenth amendment to the Constitution of the United States." *Id.,* at 492.

*Hirrill* upheld the district court's holding that Plaintiff's claim was barred by res judicata.

> The plaintiff's suggestion that he should be able to litigate in a federal forum different theories supporting *basic constitutional claims that have been finally determined in a state court* finds no support in § 1738, and no reason is advanced to justify, on these facts, an exception to the principle of that statute.

*Id.,* at 494 (citations omitted, emphasis added).

*Hirrill* correctly stated the standard of review when a prior state court proceeding is claimed to be res judicata, or to preclude, an action in federal court. "[T]he district court is required to ... give to the prior state court action ... the same effect that would be given to it by the state courts in later litigation in those courts." *Id.,* at 493 (citation omitted).

To apply the standard, the federal court must first determine what res judicata effect, if any, Arkansas would accord the prior judgment. *Hirrill* gave extremely short shrift to this issue. It simply cited two cases and without discussion of those cases, or Arkansas res judicata law, held that "there is no question" that the Arkansas Supreme Court decision is res judicata of plaintiff's claims.

Neither of the cases cited by *Hirrill, Howard v. Green,* 555 F.2d 178 (8th Cir. 1977) and *May v. Edwards,* 258 Ark. 871, 529 S.W.2d 647 (1975), involve the res judicata effect, if any, of a state circuit court judgment affirming a county CSC decision.

The Court's research of Arkansas res judicata law reveals nothing on this issue. Arkansas does give res judicata effect to the decisions of boards and commissions, as well as to courts. However, the boards and commissions afforded this deference have been the Arkansas Public Service Commission, the Workers' Compensation Commission, and the Unemployment Compensation Board of the State Department of Labor. *Wells v. Ar. Publ. Serv. Comm.,* 272 Ark. 481, 616 S.W.2d 718 (1981); *Gwin v. R.D. Hall Tank Co.,* 10 Ark.App. 12, 660 S.W.2d 947 (1983); *Johnson v. Director of Labor,* 10 Ark.App. 24, 661 S.W.2d 401 (1983). It is improbable that the Arkansas Supreme Court would consider a county CSC in the same league as the type of boards and commissions whose decisions have been accorded res judicata effect. This opinion is based on the make-up and purpose of a county CSC, discussed below.

Another reason *Hirrill* does not support Defendant Dillinger's position is that *Hirrill* specifically found that Plaintiff's basic constitutional claims had been finally determined in state court. Here, Defendant Dillinger argues that whether or not he falsified the polygraphs was litigated and finally determined in state circuit court. The Court has reviewed the transcript of the CSC hearing. (Docket # 34, Exhibit # 3.) The issue of Defendant Dillinger's falsification of polygraph tests and whether or not he participated in a conspiracy to deprive Plaintiff of his civil rights (Plaintiff's allegations in this lawsuit) were never raised or determined at the county CSC level, nor were they mentioned in the state circuit court judgment.

Furthermore, Defendant Dillinger does not offer evidence, and the Court cannot find any, that a county CSC has jurisdiction of claims brought under the federal civil rights statutes. This is important because Arkansas law requires, among other

things, that the prior judgment be rendered by a court of "competent jurisdiction". *Hastings v. Rose Courts, Inc.,* 237 Ark. 426, 373 S.W.2d 583 (1963). It is clear that even if Plaintiff had attempted to litigate his federal civil rights claims before the county CSC, that tribunal was incompetent to decide such issues.

The limited jurisdiction of a county CSC is illustrated by their enacting legislation. The members of a CSC serve at the pleasure of the county sheriff for the purpose of administering the personnel policies of the sheriff's department. Ark.Stat.Ann. § 12–1120. The county sheriff was Plaintiff Hollowell's boss. A county CSC is made up of five "upright and intelligent citizens" of the state and the county: two appointed by the quorum court (similar to a county commission), two appointed by the county sheriff, and one appointed by the county judge. Ark.Stat.Ann. § 12–1122. When an employee of the sheriff's department is discharged, he may "request a trial before the [CSC] on the charges alleged as the grounds for discharge." Ark.Stat.Ann. § 12–1126. The chairman of the CSC presides at the trial and decision is by majority vote. *Id.* Although not required by statute, in this case the CSC did not realize that due process required it to state the basis of its decision upholding Plaintiff's firing. Given the make-up of the CSC, this lack of legal awareness is not surprising.

As an aside, the Arkansas General Assembly enacted Act 657 of 1987, abolishing all CSCs and repealing Ark.Stat.Ann. §§ 12–1120 through 1137, the statutes authorizing counties to establish the type of CSC which upheld Plaintiff's firing. The repealing legislation was enacted while *Pulaski County Civil Service Commission v. Henson,* No. 87–3, was pending before the Arkansas Supreme Court. *Henson* challenged the constitutionality of the CSC legislation. *Henson* was dismissed as moot after the repealing legislation was passed. *Henson* does not explain the basis of the constitutional challenge or the reason the challenged legislation was repealed.

Arkansas law requires the person claiming the defense of res judicata to prove the prior proceeding evidences

an existing final judgment rendered upon the merits, *without fraud or collusion,* by a *court of competent jurisdiction* [.] [Such judgment] is conclusive of rights, questions, and facts in issue, as to the *parties and their privies,* in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Hastings,* 373 S.W.2d at 586–87 (emphasis added); *Wells.*

Based on Arkansas' definition of res judicata, Defendant's motion for summary judgment cannot be granted. Plaintiff alleges Defendants acted in collusion in denying him his civil rights; the element of a "competent" court has been discussed above; and the conclusive effect on the "parties and their privies" is an important aspect of Arkansas res judicata law. Arkansas is one of the minority of jurisdictions which require mutuality/privity of parties before a prior judgment is given res judicata effect. Under Arkansas law, identity of parties is not just a matter of form, it is a question of substance. However, "precisely identical" parties is not required, "a substantial identity is sufficient." *Hastings,* 373 S.W.2d at 588–89.

Arkansas case law does not define the term "substantial identity". However, the cases illustrate the definition. Arkansas recognizes the common exception to mutuality in derivative actions, where the employer's liability is derived from the liability of his employee/agent. *Davis v. Perryman,* 225 Ark. 963, 286 S.W.2d 844 (1956). Another exception to the mutuality rule, or an illustration of substantial identity, are taxpayer challenges. A judgment against a taxpayer is binding against all taxpayers, as if they had been personally involved in prosecuting the prior lawsuit. *Wells; Wells v. Heath,* 269 Ark. 473, 602 S.W.2d 665 (1980). Other cases discussing the mutuality issue involve a property interest where subsequent parties, although not identical to plaintiffs or defendants in a prior litigation, were in some type of privity with a prior party. *Hastings; Baltz v.*

*Security Bank of Paragould,* 272 Ark. 302, 613 S.W.2d 833 (1981); *Estate of Knott by Knott v. Jones,* 14 Ark.App. 271, 687 S.W.2d 529 (1985).

Defendant Dillinger was not a party to the prior proceeding he argues is res judicata to Plaintiff's present claim against him. Defendant Dillinger's motion and brief do not even discuss the mutuality issue. The Court has not found any Arkansas law which would support a conclusion that Defendant is in substantial identity with any party in the prior proceeding or that in this type of case there is an exception to the mutuality rule.

*Kimble v. Anderson–Tully Co.,* 16 F.R. D. 502 (E.D.Ar.1955), considered a motion for summary judgment based on res judicata. *Kimble* stated that Arkansas decisions recognized the doctrine of mutuality and hold that "no person may claim the benefit of a judgment as an estoppel on his adversary unless he would have been prejudiced by a contrary decision of the case." *Id.,* at 505, n. 4. *Kimble* declined to grant summary judgment, reasoning that where there is a close or doubtful question of state law, the better course is to err on the side of caution instead of resorting to the "drastic measure" of summary judgment.

The concept of res judicata is often not clearly differentiated from the concept of collateral estoppel. Defendant Dillinger moves for summary judgment based on res judicata. *Howard v. Green,* 555 F.2d 178 (8th Cir.1977), explained the difference between res judicata and collateral estoppel. The issue in *Howard* was whether or not a prior Arkansas chancery court action was res judicata of the Plaintiff's federal lawsuit.

> On this record, then, we are concerned only with res judicata proper, or claim preclusion, and not with collateral estoppel, or issue preclusion. Accordingly, under well-established principles, [defendant's] defense cannot be sustained unless it is concluded that the claim presented to the chancery court and the claim presented here are the same cause of action.
>
> \*   \*   \*   \*   \*   \*
>
> None of the cases cited by either of the parties convincingly demonstrates that the Arkansas Supreme Court would resolve the dispute one way or the other, and our independent review of the pertinent Arkansas case law has similarly afforded no sure guidance.
>
> The general rule in Arkansas is that in order for the doctrine of res judicata to apply it must appear that the particular matter involved was raised and determined or that it was necessarily within the issue and might have been litigated in the previous action. Although the question is admittedly not free from doubt, we are persuaded, at least on this record, that [plaintiff's] ... claim was not necessarily within the issue presented in the chancery court action and therefore not barred.
>
> ... In the absence of any authority indicating that the Arkansas Supreme Court would extend the res judicata defense to situations such as that presented here, we affirm the conclusion of the district court that this action is not barred.

*Id.,* at 181–82 (citations omitted).

The cautious approach of *Kimble* and *Howard* guides the Court. Defendant has not proved that under Arkansas state law a circuit court judgment affirming a county CSC's decision would be given res judicata effect when Defendant was not a party to those proceedings, when Plaintiff has alleged fraud/collusion, when the competency of the CSC is in question, and when the claims in the prior proceeding differ from those in this action. Therefore, it is hereby

ORDERED that Defendant Dillinger's motion for summary judgment is denied.

On its own motion, the Court recommends to Plaintiff that he apply for a court-appointed attorney. The Court can only appoint Plaintiff an attorney upon his application and upon proof of indigency. 28 U.S.C.A. § 1915. The choice of an attorney is the Court's. The issues in this case are too complex for a *pro se* litigant to competently handle. Additionally, the Court would greatly benefit if Plaintiff were represented by competent counsel.

The Court is concerned that the parties have been lax in complying with the rules of motion practice. This laxity has made ruling on the various motions before the Court much more difficult than it should be. Therefore, on the Court's own motion

IT IS FURTHER ORDERED that each party's motions, and other proceedings before this Court, shall comply with the Federal Rules of Civil Procedure and Local Rules; that each party will provide the parallel South Western cite when citing Arkansas cases; and that each party, when citing Arkansas statutes, local ordinances, etc., will accompany the cite with a copy of the law in effect during the appropriate time period.

IT IS FURTHER ORDERED that the parties shall not file additional copies of the transcript of Plaintiff's hearing before the Pulaski County CSC on June 18, 1985. The parties may refer to copies of the transcript already on file.